## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

MANUEL C.Q.P.,

       Civil No. 26-491 (JRT/ECW)

     Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

    **MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

     Respondents.

---

Claire Glenn, **CLIMATE DEFENSE PROJECT**, Post Office Box 7040, Minneapolis, MN 55407, for Petitioner.

Ana H. Voss, Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.


Petitioner Manuel C.Q.P. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 19, 2026.  Manuel C.Q.P petitions for a writ of habeas corpus, arguing that he is being detained unlawfully.  Because the Court

concludes that Manuel C.Q.P.'s detention is unlawful, the Court will grant his petition for habeas corpus and order that he be released from custody.

## BACKGROUND

Manuel C.Q.P. is a citizen of Ecuador and a resident of St. Paul, Minnesota. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 12, Jan. 21, 2026, Docket No. 1.)  He entered the United States in November 2022.  (*Id.*)  He has a pending U-visa application, and he is not subject to a final removal order.  (*Id.* ¶ 13.)

On January 19, 2026, ICE arrested Manuel C.Q.P. while he was delivering medication to a neighbor.  (*Id.* ¶ 15.)  After the ICE officers—who were wearing plain clothes and driving unmarked cars—pulled Manuel C.Q.P.'s vehicle over, they smashed his car windows and dragged him out of the car and onto the ground.  (*Id.*)

On January 21, 2026, Manuel C.Q.P. filed a Verified Petition for Writ of Habeas Corpus (Docket No. 1).  He alleges that his continued detention is unlawful and requests that the Court order his immediate release, or alternatively, a bond hearing.  (*Id.* ¶¶ 35–58.)  According to the Petition, Manuel C.Q.P.'s detention location is unknown.  (*Id.* ¶ 26.)  "[A]lthough he was previously listed in the ICE detainee locator which provided his location as 'call ICE' he does not show up when searched currently." (*Id.*)

On January 21, 2026, Court issued an order that (1) enjoined Respondents from transferring Manuel C.Q.P. outside the District of Minnesota pending a ruling on his habeas petition, and (2) directed Respondents to file an answer by January 24, 2026. (Docket No. 3.)

**DISCUSSION**

Respondents argue that Manuel C.Q.P. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  After thorough review of the parties' filings, the Court concludes that the legal issues presented by Manuel C.Q.P.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn. Dec. 2, 2025).  The factual record before the Court shows that Manuel C.Q.P. was arrested while already in the United States.  For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Manuel C.Q.P. detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy.  In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy.  However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Manuel C.Q.P.'s petition for writ of habeas corpus and will order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Manuel C.Q.P.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

   a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

   b. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and no later than 48 hours from the filing of this Order.

   c. If Petitioner has been transferred out of the District of Minnesota, Respondents shall immediately **TRANSPORT** Petitioner to Minnesota and then **RELEASE** Petitioner from custody.

   d. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on January 28, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  January 26, 2025                    _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                            United States District Judge